# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANTHONY HARRIS AND LAQUNIOR HARRIS** | **CIVIL ACTION NO.:** |
| **Plaintiffs,** | |
| **V.** | |
| **PONCHARTRAIN HOMEOWNER'S ASSOCIATION, LLC and DONNA SIGNORELLI, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY AS AN OFFICER, and REBECCA SMITH, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY AS AN OFFICER, and AMANDA ROUBLAU** | **SECTION:** |
| | **JURY DEMAND** |
| **Defendants.** | |

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, come complainants ANTHONY HARRIS and LAQUNIOR HARRIS, and in support of this cause of action, respectfully represent and allege as follows:

### I. PARTIES

1. Made Plaintiffs herein are:

    a. ANTHONY HARRIS, a person of the age of majority domiciled in the Parish of Jefferson, State of Louisiana.

    b. LAQUNIOR HARRIS, a person of the age of majority domiciled in the Parish of Jefferson, State of Louisiana.

2. Made Defendants herein are:

    a. PONCHARTRAIN HOMEOWNER'S ASSOCIATION, LLC, a Louisiana business, which, upon information and belief, is authorized to do and is doing business in the Parish of Jefferson;

    b. DONNA SIGNORELLI, individually, a person of the age of majority domiciled in the Parish of Jefferson, State of Louisiana and in her official capacity as an officer of PONCHARTRAIN HOMEOWNER'S ASSOCIATION, LLC;

    c. REBBECA SMITH, individually, a person of the age of majority domiciled in the Parish of Jefferson, State of Louisiana and in her official capacity as an officer of PONCHARTRAIN HOMEOWNER'S ASSOCIATION; and

    d. AMANDA ROUBLAU, a person of the age of majority domiciled in the Parish of Jefferson, State of Louisiana.

## II. JURISDICTION AND VENUE

3. This United States District Court has jurisdiction in this matter under 28 U.S.C. §1331, because this lawsuit is brought under the Fair Housing Act

("FHA"), 42 U.S.C. §§ 3601 et. seq., and also under 28 U.S.C. 1367 for supplemental jurisdiction over violations of Louisiana statutes.

4. Venue is proper in the Eastern District of Louisiana under 28 U.S.C. § 1391(b) where defendants are subject to personal jurisdiction, where defendants do business in the State of Louisiana, and where the unlawful acts complained of occurred in such district.

### III. STATEMENT OF FACTS

5. At all times relevant herein, Defendants PONCHARTRAIN HOMEOWNER'S ASSOCIATION, LLC ("ASSOCIATION") and DONNA SIGNORELLI ("SIGNORELLI") and REBECCA SMITH ("SMITH") were responsible for the management of the common areas of the apartment complex located at 1516 Aztec Avenue; Metairie, Louisiana 70001, as homeowners association pursuant to a condominium regime including property rented by Plaintiffs..

6. The rental properties are "dwellings" within the meaning of 42 U.S.C. §3602(b).

7. At all times relevant, SIGNORELLI and SMITH were acting within their official capacity as agents or members or managers of the ASSOCIATION.

8. At all times pertinent, the ASSOCIATION provided property management services to maintain common elements of the condominium regime.

9. In July 2014, Plaintiffs rented an apartment from the owner of Unit 210 of 1516 Aztec Avenue; Metairie, LA 70001 named Wendy Emwright, who operates as lessor in her individual capacity or through Aztec Property, LLC or through Prestige Construction Company, Inc.

10. Plaintiffs resided at the above address with their infant son. Plaintiff LAQUNIOR HARRIS ("LAQUNIOR") was approximately six months pregnant at the time Plaintiffs began their lease.

11. Over the course of July through October 2014, Defendants subjected Plaintiffs to severe, pervasive, and unwelcome racial animus.

12. Defendants repeatedly harassed and discriminated against Plaintiffs in the following manner:

   a. Vile verbal assaults steeped in racism, such as references to Plaintiffs as "nasty niggers";

   b. SIGNORELLI released her dogs to assault and confine Plaintiff LAQUNIOR and another family member in their car;

   c. When SIGNORELLI finally retrieved her dogs, she told Plaintiff LAQUNIOR "If you are afraid of dogs, maybe you should not live here.";

   d. On July 13, 2014, Jefferson Parish Animal Center: Animal Control Unit was called to respond to SIGNORELLI's unleashed dogs

frightening Plaintiffs who informed the Animal Control Unit officer that SIGNORELLI's dog was acting threatening.

e. When questioned by the Animal Control Unit officer, SIGNORELLI informed the officer that she owned the property and could unleash her dogs as she pleases. She further stated that Plaintiffs would regret calling the Jefferson Parish Animal Control Shelter;

f. On July 26th, Plaintiff ANTHONY was startled by SIGNORELLI and her dogs growling and barking at him

g. On the morning of August 5, 2014, Plaintiffs were awakened by a representative of Child Protective Services who informed them of a complaint. The lessor, Ms. Emwright, was called and came to the residence to inform the Child Protection Officer that the complaint was likely filed by SIGNORELLI to harass and intimidate Plaintiffs.

h. On October 5, 2014, Defendants SIGNORELLI and SMITH, in their individual and official capacity, cornered Plaintiff LAQUNIOR in the common area of the ASSOCIATION's property to verbally harass her while she was pregnant and attending to her six month old infant. Defendant ROUBLAU was also present and participating this racial harassment;

    i. Examples of statements accosting Plaintiffs consist of: "You people are nasty;" "We are clean;" and "nasty niggers;" "Get out of here. Y'all can't afford to live here;" and "I'm Donna SIGNORELLI, the treasurer of this condo association and we don't want your kind here."

    j. Plaintiff ANTHONY's mother and sister were present and involved in this verbal altercation.

13. Defendant SIGNORELLI's behavior, which was conducted both individually and in her official capacity as a member of the ASSOCIATION, together with SMITH's and ROUBLAS' harassment created a hostile living environment and caused Plaintiffs to live in fear for their safety for themselves and their infant.

14. During the course of Plaintiffs' tenancy, Defendants subjected Plaintiffs and their family members to repeated acts of racial discrimination as follows:

    a. Denigrating Plaintiff's sanitation and solvency solely on the basis of race;

    b. Menacing Plaintiffs through the use of barking, growling, dogs which, on occasion, pursued Plaintiffs;

    c. Making false statements to Child Protection Services in order to interfere with Plaintiffs' quiet enjoyment of their leased premises.

    **IV.**    **<u>CAUSE OF ACTION FOR VIOLATION OF FHA</u>**

15. The conduct of defendants ASSOCIATION, SIGNORELLI, SMITH, and ROUBLAU constitutes a violation of the FHA, 42 U.S.C. §§ 3601 et. seq.:

    a. A denial of housing through the violation of warranty of quiet enjoyment afforded Plaintiffs in their contract to lease with lessor Ms. Emwright on the basis of race;

    b. Tortious interference with contract in breaching the warranty of quiet enjoyment afforded Plaintiffs in their contract to lease with lessor Ms. Emwright on the basis of race;

    c. Intentional Infliction of Emotional Distress by Defendants through their employ of outrageously offensive language with clear and obvious racial animus on the basis of race;

    d. The making of statements with respect to the rental of dwellings that indicates a preference, limitation, or discrimination based on race;

    e. Coercion, intimidation, threats, and interference with Plaintiff's in the exercise of quiet enjoyment of leased premises, pursuant to FHA;

    f. The creation of a hostile housing environment through conduct sufficiently offensive to interfere with use and quiet enjoyment of the premises.

    V. **TORTIOUS INTERFERENCE WITH CONTRACT**

16. The conduct of Defendants, jointly and in solido, constitutes tortious interference with contract, the elements of which are established in <u>9 to 5 Fashions, Inc. v. Spurney</u>, 538 So.2d 228 (La. 1989), with specificity below:

    a. Plaintiffs had a validly executed contract to lease with lessor Ms. Emwright;

    b. The Association, and its members, managers, neighbors, and residents, including Defendants, had knowledge of the contract to lease;

    c. The actions of Defendants constitute a hostile and dangerous living environment and breach of quiet enjoyment leading to Plaintiffs to abandon the premises for their own safety as well as that of their infant and unborn child; said abandonment constitutes a material breach in the contract to lease; and Defendants' conduct made Plaintiffs' performance impossible or more burdensome;

    d. The actions, conduct, and behavior of Defendants is absent any justification.  In fact, their actions, conduct, and behavior of Defendants is specifically forbidden in the FHA;

    e. Plaintiffs suffered damages as a cause of their difficulty or impossibility to perform their duties under the contract to lease with

Ms. Emwright as a result of the actions, conduct, and behavior of Defendants.

## VI. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

17. Plaintiff realleges and incorporates by reference ¶¶ 1-16 as cause in fact for the basis that the actions, conduct, statement, and behavior of Defendants constitute Intentional Infliction of Emotional Distress as set forth in White v. Monsanto, 585 So. 2d 1205 (La. 1991), with specificity:

    a. Conduct of Defendants was extreme and outrageous, specifically related to use of racially motivated insulting language and threatening Plaintiffs with snarling dogs;

    b. The emotional distress suffered by Plaintiffs was sufficient to force them to vacate the premises without their furniture or belongings for fear of their personal safety, especially in light of Defendant SIGNORELLI's statement that Plaintiffs would "regret" calling Animal Control;

    c. It is obvious through the use of racially offensive language and dangerous dogs that Defendants intended to inflict severe emotional distress;

    d. The conduct of Defendants is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency,

and to be regarded as atrocious and utterly intolerable in a civilized community.

e. The conduct of Defendants extends beyond mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.

### VII. FALSE IMPRISONMENT

18. Plaintiff realleges and incorporates by reference ¶¶ 1-16 as cause in fact for the basis that the actions, conduct, statement, and behavior of Defendants constitute False Imprisonment, relative to La. R.S. 14:46, specifically:

   a. Dogs owned by Defendant SIGNORELLI, acting in her individual and official capacity as an officer/member of ASSOCIATION, caused the detention of Plaintiff LAQUNIOR in a motor vehicle;

   b. Without the consent of Plaintiff LAQUNIOR; and

   c. Neither Defendants SIGNORELLI nor ASSOCIATION had the legal authority to cause Plaintiff LAQUNIOR to be confined to a motor vehicle.

   d. DEFENDANTS are strictly liable for damages caused by animals, pursuant to La. C.C. Art. 2321.

### VIII. ASSAULT

19. Plaintiff realleges and incorporates by reference ¶¶ 1-16 as cause in fact for the basis that the actions, conduct, statement, and behavior of Defendants constitute Assault, relative to La. R.S. 14:36, specifically:

    a. Defendant SIGNORELLI, acting in her individual and official capacity as an officer/member of ASSOCIATION, intentionally placed Plaintiff ANTHONY in reasonable apprehension of receiving a battery through the instrumentality of her snarling, barking dogs.

    b. DEFENDANTS are strictly liable for damages caused by animals, pursuant to La. C.C. Art. 2321.

20. As a result of Defendants' conduct, Plaintiffs lived in fear for their safety and that of their infant son and unborn child. Plaintiffs and their family suffer and continue to suffer injury, damages, mental anguish, emotional distress, embarrassment, humiliation, worry, and frustration.

21. As a result of Defendants' reprehensible conduct, Defendants ASSOCIATION, SIGNORELLI, SMITH, and ROUBLAU are liable unto Plaintiffs ANTHONY HARRIS AND LAQUNIOR HARRIS for an award of damages to include all compensatory, special, punitive, exemplary, treble, and other damages as may be reasonable in the premises, in addition to attorneys' fees, expert fees, court and legal costs, judicial interest, and all other relief to which Plaintiffs are entitled by law or equity.

22. PONCHARTRAIN HOMEOWNER'S ASSOCIATION, LLC is liable for the actions of its agents and members, DONNA SIGNORELLI, REBECCA SMITH, and AMANDA ROUBLAU, therefore all parties are bound jointly and in solidarity for any and all damages occasioned by the conduct of SIGNORELLI, SMITH, and/or ROUBLAU, in addition to attorneys' fees, expert fees, court and legal costs, judicial interest, and all other relief to which Plaintiffs are entitled by law or equity.

## IX.   JURY DEMAND

23. Plaintiffs request a trial by jury.

.

## X.   PRAYER FOR RELIEF

WHEREFORE, Plaintiffs ANTHONY HARRIS AND LAQUNIOR HARRIS respectfully request this Honorable Court:

A. Enter a judgment in favor of Plaintiffs and against Defendants;

B. Enter an order declaring Defendants' conduct in violation of FHA, 42 U.S.C. §§ 3601 et. seq;

C. Award Plaintiff compensatory and punitive damages against Defendants;

D. Award Plaintiff's counsel reasonable attorneys' fees and costs pursuant to FHA, 42 U.S.C. §§ 3601 et. seq and any other applicable provision of law;

E. Enter a permanent injunction, upon proper motion, enjoining Defendants, their agents, employees and successors and all other associated persons acting in concert with them from discrimination on account of the provisions of FHA, 42 U.S.C. §§ 3601 et. seq, specifically also racial discrimination; interfering or threatening to take action against any person in the exercise of enjoyment of rights granted or protected by FHA; and failing to take action or refusing to take affirmative steps as may be necessary to restore the victim of Defendants' past unlawful practices to the position said victims would have been in but for the discriminatory conduct;

F. Awarding appropriate general and special damages unto Plaintiffs, ANTHONY HARRIS and LAQUNIOR HARRIS for Defendant's intentional and/or willful acts made in disregard of their federally protected rights;

G. Awarding appropriate general and special damages unto Plaintiffs, ANTHONY HARRIS and LAQUNIOR HARRIS for Defendant's intentional and/or willful acts made in disregard of the laws of the State of Louisiana;

H. Awarding to Plaintiffs attorneys' fees, legal costs, court costs, and judicial interest costs incurred in prosecuting this claim;

I. Grant to Plaintiffs such and other relief as may be applied by law as may be just and proper under the circumstances.

Respectfully Submitted,

*[signature]*

**DAYAL S. REDDY, #31928**
900 South Peters Street; Suite 11
New Orleans, Louisiana 70130
Email: dayalsreddy@gmail.com
Ph: (504) 383-3606
Fax: (866) 910-5978
Email: dayalsreddy@gmail.com